**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jalynn Bacon-Dorow, | No. CV-13-08039-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Prescott Unified School District, | |
| Defendant. | |

Before the Court are Defendant Prescott Unified School District's Motion to Dismiss (Doc. 9) and Plaintiff Jalynn Bacon-Dorow's Motion for Leave to Amend Complaint (Doc. 13).

**I.  SERVICE OF PROCESS**

Prescott Unified School District ("District") contends that Bacon-Dorow failed to properly serve the District's chief executive officer, which it contends is the governing board, because service on an individual board member is insufficient and the District does not have an individual designated pursuant to statute to receive service of process, an official secretary, a clerk, or a recording officer. Instead, Bacon-Dorow served the Summons and Complaint on Andi Mayer, Assistant to the Governing Board, who "told counsel that the school board did not have a clerk, but that she functioned as the secretary to the board and was the person tasked with receiving claims, process, and the like on behalf of the board." (Doc. 12-1, Affidavit of Counsel.) Ms. Mayer was the de facto Secretary of the Governing Board, and the District received actual notice. Therefore, the service was sufficient.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The District contends that the Court lacks subject matter jurisdiction because the Complaint refers to EEOC charge number 846-2012-04893, instead of EEOC charge number 540-2012-02411, which is the charge of discrimination for which Bacon-Dorow has received a notice of right to sue from the EEOC. Bacon-Dorow concedes that a lawsuit regarding EEOC charge number 846-2012-04893 is premature. She seeks to amend her complaint to substitute EEOC charge number 540-2012-02411.

## III. NOTICE OF CLAIM

The District contends that the second count of the Complaint, a common law claim for conversion, is barred by Bacon-Dorow's failure to comply with Arizona's mandatory notice of claim statute, A.R.S. § 12-821.01. Bacon-Dorow concedes this point and seeks to withdraw this count in an amended complaint.

## IV. LEAVE TO AMEND

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Rule 8(a)(2) requires " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Both the Complaint and the proposed amended complaint allege that Bacon-Dorow suffers from a permanent physical disability of her back that substantially limits her major life activities. They allege that she worked for the District as an art teacher from January 1995 through May 2012 and underwent back surgery in June 2011. It is unclear whether she suffered from a permanent physical disability of her back before the surgery. When she returned to work on July 28, 2011, she requested an accommodation to work half-time. Neither the Complaint nor the proposed amended complaint explains why she could continue teaching, but only half-time. Nor do they explain how she could perform the essential functions of her full-time position while working only half-time. It is not sufficient to summarily allege "With the reasonable accommodation she requested[,] Plaintiff could perform the essential functions of the employment position that she held."

The Complaint and proposed amended complaint allege that on July 28, 2011, her request for accommodation was denied, but instead she was given a reduced class schedule. She was paid full-time, but required to use two hours per day of her accumulated sick leave. The Complaint and the proposed amended complaint allege that she continued full-time employment with a reduced schedule. It is not clear whether the reduced schedule was different than half-time.

On August 30, 2011, Bacon-Dorow was informed that her employment would be terminated, but she "prevailed upon Defendant not to immediately terminate her employment." The Complaint and proposed amended complaint allege that instead of termination, she used sick leave, followed by leave under the Family Medical Leave Act and short-term disability through the end of the school year. Neither the Complaint nor the proposed amended complaint allege what she requested or was told about continuing employment after her one-year absence from teaching.

Both the Complaint and the proposed amended complaint allege that on September 8, 2011, the District issued a letter to staff and parents disclosing Bacon-Dorow's confidential medical information and falsely attributing to her an intent to resign

1  her position for medical reasons. Both the Complaint and the proposed amended
2  complaint allege that on September 15, 2011, she discovered that the computer files
3  containing teaching plans and other instructional materials she had developed through
4  years of teaching were no longer accessible on the computer where they had been stored.
5  At some unspecified date, Bacon-Dorow also learned that works of art and artifacts she
6  had created and/or collected as instructional aids, lesson plans, projects, and samples had
7  been destroyed or discarded.

8  The Complaint alleged that on November 25, 2011 (stated as December 11, 2011,
9  in the proposed amended complaint), Bacon-Dorow filed a charge of discrimination with
10 the EEOC for disability discrimination by refusing to make a reasonable accommodation
11 for her disability, terminating her employment because of her disability, and disclosing
12 confidential medical information. The Complaint also alleged that on November 29,
13 2012, she received a right to sue letter from the EEOC on this charge. However, she now
14 concedes that the November 29, 2012 right to sue letter was related to her charge of
15 discrimination based on retaliation, which she filed on June 15, 2012. Because the EEOC
16 has not yet closed the first charge, Bacon-Dorow's lawsuit on the first charge is
17 premature.

18 The proposed amended complaint alleges that on May 12, 2012, Bacon-Dorow
19 learned that the District had given a permanent position to the teacher who had
20 temporarily replaced her. It does not allege that Bacon-Dorow was able and willing to
21 perform the full-time teaching position. On June 15, 2012, Bacon-Dorow filed a second
22 charge of discrimination with the EEOC, this one claiming retaliation for filing the first
23 charge.

24 Thus, the theory of the proposed amended complaint is that in the summer of 2011
25 Bacon-Dorow became unable to perform her full-time position, requested a half-time
26 position, and was permitted to work a reduced schedule for a month. When she could not
27 or would not perform her full-time position, she persuaded the District not to terminate
28 her employment for a year. Instead, she used medical leave for the remainder of the

1  school year, some or all of which was with pay. In September 2011 the District
2  communicated to staff and parents that she intended to resign her position for medical
3  reasons and removed instructional materials she had created while employed by the
4  District from the District's classroom and its computer. In December 2011 she filed an
5  EEOC charge, and in May 2012 the District did not renew her full-time teaching contract.
6  The proposed amended complaint alleges that the District retaliated against her for filing
7  the EEOC charge by terminating her employment, disclosing her confidential medical
8  information, and destroying her teaching materials.

9  However, Bacon-Dorow alleges that on August 30, 2011, before she filed the first
10 EEOC charge, the District informed her that her employment would be terminated, and
11 the disclosure and destruction also are alleged to have occurred before she filed the first
12 EEOC charge. Under the facts alleged, none of these can be acts of retaliation for filing
13 the EEOC charge. Therefore, amending the Complaint as Bacon-Dorow has proposed
14 would be futile even though it corrects the EEOC charge number and withdraws the
15 claim of conversion.

16 IT IS THEREFORE ORDERED that Defendant Prescott Unified School District's
17 Motion to Dismiss (Doc. 9) is granted.

18 IT IS FURTHER ORDERED that Plaintiff Jalynn Bacon-Dorow's Motion for
19 Leave to Amend Complaint (Doc. 13) is denied without prejudice to filing a further
20 amended complaint by November 22, 2013. If Plaintiff Jalynn Bacon-Dorow does not
21 file a further amended complaint by November 22, 2013, the Clerk is directed to dismiss
22 this case with prejudice.

23 Dated this 30th day of October, 2013.

_____
Neil V. Wake
United States District Judge

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28